UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Casey Kuntz,<br><br>Plaintiff,<br><br>vs.<br><br>The Raymond Corporation, and Lift Pro Equipment Co., Inc.,<br><br>Defendants. | Case No. 1:24-cv-00041<br><br>**SECOND AMENDED SCHEDULING/DISCOVERY PLAN** |

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and the parties' joint request to amend this Court's Adopted Scheduling and Discovery Plan, which the Court finds is well taken and should be granted, the Scheduling and Discovery Plan (ECF No. 9) is hereby modified and amended:

**(1)** The parties have made Rule 26(a)(1) initial disclosures, summarized as follows: The parties have disclosed the information required by Rule 26(a)(1)(i)–(iv).

**(2)** The parties propose the following amendments to the discovery plan:

**(a)** Discovery will be needed on these subjects: **Liability and damages.**

**(b)** Disclosure, discovery, or preservation of electronically stored information should be handled as follows: **The parties will meet and confer to stipulate on a procedure for production of electronically stored information.**

**(c)** The parties have discussed any issues regarding preservation of discoverable information as follows: **In the event that any issues arise, the parties will attempt to meet and confer to resolve those issues.**

**(d)** The parties have discussed possible need for a protective order as follows: **The litigation might involve the production of commercially sensitive information, including documents that contain proprietary information. The parties will submit a proposed protective order that permits**

**documents to be marked as "confidential."**

**(e)** If this is a case that will involve the discovery of medical, mental health, employment, education, tax, or workers compensation records, the parties have agreed to the following with respect to who will secure these records and how the discovery of the records will be handled (*it will not be a sufficient answer that the parties have not addressed the issue or it will be considered later*): **Plaintiff will provide fully executed and unqualified authorizations to Defendants so that Defendants can obtain the requested records. Defendants will give Plaintiff all records that are received in response to the authorizations.**

If the parties have not reached an agreement all or in part, the following is what the parties have not been able to agree to and the reasons why (*if applicable, this section must be completed*): **N/A.**

**(f)** The parties have discussed privilege logs, including information to be included about documents over which privilege is asserted and any categories of documents which the parties agree need not be identified in privilege logs: **In the event any issues arise, the parties will attempt to meet and confer to resolve those issues.**

**(g)** The parties have agreed to the following maximum number of interrogatories per party: **25 interrogatories may be served by each party.**

**(h)** The parties have agreed to the following maximum number of requests for admissions per party: **25 requests for admissions may be served by each party.**

**(i)** The parties have agreed to the following maximum number of requests for production of document **per party: 50 requests for production may be served by each party.**

**(j)** The parties have agreed to the following maximum number of depositions **per**

**party: 10 depositions may be taken by each party.**

**(k)** The parties have discussed possible need for depositions of organizations pursuant to Rule 30(b)(6) and, as required by that rule, will confer in advance of any depositions of organizations about topics on which testimony is requested.

**(l)** The parties have agreed any depositions taken only for presentation at trial will be completed at least **30 days** prior to trial. **Deposition designations shall be submitted at least 25 days before trial; objections and counter designations shall be submitted at least 15 days before trial. Objections and cross-counter designations, if any, to the counter designations shall be submitted at least 10 days before trial.**

**(m)** The parties have agreed that all fact discovery will be completed by the following deadline, with all discovery pursuant to Rules 33, 34, and 36 to be served a minimum of thirty-three (33) days prior the deadline: **02/13/2026.**

**(n)** The parties have agreed on the following deadline for discovery motions: **02/13/2026.**

**(o)** An appropriate time for a mid-discovery status conference would be: **January 4, 2026.**

**(p)** The parties have agreed on the following deadlines for exchanging complete expert witness reports:

**03/10/2026** for plaintiff(s);

**04/10/2026** for defendant(s); and

**05/11/2026** for any rebuttal experts.

**(q)** The parties have agreed to the following deadline to complete discovery depositions of expert witnesses:

**06/29/2026**

**(3)** The parties have agreed to the following deadlines for filing motions:

**11/1/2025** motions to join additional parties.

**11/1/2025** motions to amend pleadings.

**11/1/2025** motions to amend pleadings to add punitive damages claims.

**11/1/2025** non-dispositive motions (e.g., consolidation, bifurcation); and

**07/27/2026** dispositive motions (e.g., summary judgment)

**(4)** The parties have discussed alternative dispute resolution and plan as follows:

**Private mediation**.

**(5)** The parties shall be ready to evaluate the case for settlement purposes by:

**04/01/2026**

**(6)** The parties **will not** waive their rights to proceed before a district judge and consent to have a magistrate judge conduct all further proceedings in the case, including the trial, and order for entry of a final judgment.

**(7)** Trial is currently scheduled for **January 25 – 29, 2027.**

Dated this 24th day of June 2025.

**WEIKUM LAW, PLLC**

/s/ *Jeffrey S. Weikum*
Jeffrey S. Weikum
N.D. Bar No. 05344
jeff@weikuminjurylaw.com
service@weikuminjurylaw.com
2000 Schafer Street, Suite C
Bismark, N.D. 58501
Tel: (701) 354-0124

***Counsel for Plaintiff***

Dated this 24th day of June 2025.

**VOGEL LAW FIRM**

/s/ *Robert G. Manly*
Robert G. Manly
N.D. Bar No. 05500
rmanly@vogellaw.com
218 NP Avenue, PO Box 1389
Fargo, N.D. 58107-1389
Tel: (701) 237-6983

**QUARLES & BRADY LLP**

Raymond D. Jamieson
Wis. Bar. No. 1027076
raymond.jamieson@quarles.com
Cody A. Linday
Wis. Bar No. 1125852
cody.linday@quarles.com

411 E. Wisconsin Ave., Suite 2400
Milwaukee, WI 53202-4428
Tel: (414) 277-5275

***Counsel for The Raymond Corporation***

**MEAGHER & GREER, PLLP**

/s/ *John E. Radmer*
John E. Radmer
N.D. Bar No. 09820
jradmer@meagher.com
Ryan L. Paukert
Minn. Bar No. 0401890
rpaukert@meagher.com
33 South Sixth Street, Suite 4300
Minneapolis, MN 55402
Tel: (612) 338-0661

***Counsel for Lift Pro Equipment Co., Inc.***

**ORDER**

The court **ADOPTS** the parties' Second Amended Scheduling and Discovery Plan without any additions or modifications.

**IT IS SO ORDERED.**

Dated this 24th day of June 2025.

*/s/ Clare R. Hochhalter*____________
Clare R. Hochhalter, Magistrate Judge
United States District Court